

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLIAMSON
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-3243

Re: Commissions due county attorney on money collected on bond forfeiture in liquor injunction case and disposition of remainder.

Your request for our opinion upon the above captioned question has been received by this department.

We quote from your letter as follows:

"In the District Court of Jones County, in the cause of State of Texas vs. Yates Drug, the Yates Drug made a $1000.00 bond in an injunction which was had against them for illegal sales of liquor. Now by the further illegal sales the bond has been forfeited and judgment has been taken against them and they have paid in to the District Clerk of Jones County $1000.00 to satisfy said judgment.

"We cannot find any law directly on the point of what disposition should be made with said $1000.00, that is what portion should go to the County Attorney as fee for the prosecution of the case (or rather what part should go to the salary fund as the county attorney's fee) and what should be done with the remainder.

"All of this goes to the county as I understand it, and I contend, that under article 335 R.C.S. 'Whenever a district or county attorney has collected money for the state or county, he shall within thirty days after receiving the same pay in to the treasurer of the state or the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per-cent commission

on the first thousand dollars collected by him
in any one case for the state or county from
any individual or company, and five per-cent on
all sums over one thousand dollars, to be retain-
ed out of the money when collected, and he shall
also be entitled to retain the same commissions
on all collections made for the state or for any
county, and

"'Art. 950 C. C. P. The district or county
attorney shall be entitled to ten per-cent
of all fines, forfeitures or moneys collected
for the state or county, upon judgments recover-
ed by him; and the clerk of the court in which
said judgments are rendered shall be entitled
to five per-cent of the amount of said judgments,
to be paid out of the amount when collected.'
that the county attorney is entitled to the ten
per-cent of the $1000.00 judgment collected by
him in prosecution of said case to collection
of the judgment.

"If there is further law on this point I
can not find any thing on it. I would appre-
ciate an opinion from your department on this
subject so that the judge may instruct the dis-
trict clerk what disposition is to be made of
the funds on hand."

We have been advised further by your letter of March
15th, that the injunction and the forfeiture of the bond in
question were obtained under Article 666-29, Vernon's Annotated
Penal Code, and that the whole $1000.00 was paid directly to
the District Clerk by the defendant in satisfaction of the
judgment.

Article 666-29, Vernon's Annotated Penal Code, provides
as follows:

"Any room, building, boat, structure, or
place of any kind where liquor is sold, manufac-
tured, bartered, or given away in violation of
this Act, or of any rule, or regulation of the
Board, or where persons are permitted to resort
for the purpose of drinking liquor in violation
of the law, or any place where such beverages
are kept for sale, barter, or gift in violation
of law, and all liquor and all property kept
and used in said place, hereby are declared to
be a common nuisance and any person who main-

tains or assists in maintaining such common nuisances, shall be guilty of a violation of this Act. Any county, or district attorney, or the Board, or any agent or employee of this Board in the county where such nuisance exists, or is kept, or maintained, may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisances. Such proceedings shall be guided by the rules of other injunction proceedings, except that the plaintiff shall not be required to give bond in such action and upon final judgment against the defendant the Court shall order that said room, house, building, structure, boat, or place of any kind shall be closed for a period of one year, or closed for a part of said time and until the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the Court making the order, in the penal sum of not less than One Thousand Dollars ($1,000) payable to the State, and conditioned that liquor will not thereafter be manufactured, possessed, sold, bartered, or given away, or furnished, or otherwise disposed of therein, or kept thereon, or therein, with the intent to sell, barter, or give away, or otherwise dispose of same contrary to law, and that he will pay all fines, costs, and damages assessed against him for any violation of this Act. If any conditions of such bond be violated the whole amount may be recovered as a penalty for the use of the county wherein the premises are situated."

Article 1628, Vernon's Annotated Civil Statutes, provides as follows:

"The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

"1. All jury fees, all money received from the sale of estrays, and all occupation taxes.

"2. All money received under any of the provisions of the road and bridge law, including the penalties recovered from railroads for failing to repair crossings, and all fines and forfeitures.

"3.  All money received, not otherwise ap-
propriated herein or by the commissioners court."
(underscoring ours)

Proceedings instituted by a county attorney under the
hereinabove quoted article (666-29), resulting in the re-
covery of a judgment on the violation of the conditions of
such bond, is a civil action.  The remedy afforded for abate-
ment of such places as common nuisances under said article
666-29, is cumulative to the provisions for criminal prosecu-
tions under other subdivisions of Article 666 of Vernon's An-
notated Penal Code.  Antner v. State (Civ. App.), 114 S. W.
(2d) 640.

The county attorney's right to commission on money
collected in civil proceedings and the amount of such commis-
sion is governed by Article 335, Vernon's Revised Civil
Statutes, 1925.  Article 950, of the Code of Criminal Proce-
dure, confers no right to commissions for the collection of
moneys in suits which are in every respect civil in character
or in no manner connected with the administration of criminal
law, but applies only in cases arising under the Penal Code
or the Code of Criminal Procedure.  State v. Moore, 57 Tex.
307.

We agree, therefore, with the conclusion reached in
your letter that the county attorney is entitled to retain ten
per cent commission on the $1000.00 collected on the judgment
recovered by him under the facts submitted.

As the proceeding under investigation is a civil case,
the district clerk is not entitled to the ". . . five per cent
of the amount of said judgment to be paid out of the amount
when collected", under Article 950 of the Code of Criminal
Procedure, but must look to the statutes governing his fees
in civil cases.  State v. Norrell, 53 Tex. 427; State v. Hart,
96 Tex. 102, 70 S. W. 948, 949.  An examination of those
statutes will show that no commissions are allowed the district
clerk in civil cases.

You are therefore respectfully advised, under the facts
stated, that it is the opinion of this department that the
county attorney is entitled to a commission of ten per cent on
the $1000.00 collected.

It is the further opinion of this department that the
proper disposition to be made of the $1000.00 in the hands of
the district clerk, is for that officer to pay the $1000.00
into the county treasury and for the treasurer to apply $100.00
thereof to the credit of the salary fund and the remaining
$900.00 to the credit of the road and bridge fund.

Thanking you for the additional information requested by us, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Edgar Pfeil
Edgar Pfeil
Assistant

EP:LM:wc


APPROVED APRIL 2, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman